## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

PATRICK GREGORY SPAINHOUR,

        Plaintiff,

v.                                CIVIL ACTION NO.   2:23-cv-00338

JEFFERSON VOLUNTEER FIRE
DEPARTMENT, et al.,

        Defendants.

### ORDER

       Pending before the Court is the *Motion to Dismiss* the *Complaint* of Plaintiff Patrick G. Spainhour ("Plaintiff") filed by the Defendants, Jefferson Volunteer Fire Department ("JVFD"), Robbie Nutter ("Nutter"), and Chad Smarr ("Smarr") (collectively, "Defendants"). (ECF No. 8.) Therein, Defendants seek dismissal of this civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the *Complaint* is legally insufficient pursuant to the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Id.*

       Plaintiff, who is proceeding without counsel, initiated this civil action on April 18, 2023, claiming that he was terminated from the JVFD because of age discrimination. (ECF No. 2.) The factual allegations in Plaintiff's *Complaint* are limited solely to the following three statements:

> Robbie Nutter called me Paw-Paw, described certain tasks as "fairly complicated" despite my 45 years + as a firefighter. He also belittled me in front of other firefighter[s] by stating loudly that he couldn't "hear me." This was because I was the only one wearing the required mask (N-95).
> Terminated me because I disobeyed his/their wishes by contacting outside entities for guidance.
>
> Chad Smarr was discovered by me telling TJ Kidd and Alexsandra Kid at the fire station, that I was accident prone, I told him to stop. April 12 – Aug 16, 2021.

(ECF No. 2 at 4.) It appears that Plaintiff intended to incorporate by reference a number of documents he attached as an exhibit to the *Complaint*. (ECF No. 2-1.) These documents reflect Plaintiff's lack of success in prior proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC") and the West Virginia Human Rights Commission ("WVHRC"). Based on the foregoing, Plaintiff asserted six claims against the Defendants in the instant civil action: violation of Plaintiff's First Amendment rights, defamation, slander, age discrimination, harassment, and violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). (ECF No. 2.)

Following service of the Complaint, the Defendants filed their subject *Motion*, seeking dismissal with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's allegations are nothing more than "naked assertions," which is insufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure. (ECF Nos. 8; 9 at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) In accordance with the undersigned's May 24, 2023 *Order* (ECF No. 10), Plaintiff filed his *Response to Motion to Dismiss* on June 5, 2023. (ECF No. 11.) The substance of Plaintiff's one-page *Response* was limited to a single statement: "Plaintiff submitted approximately 45 pages of additional documents of specific facts, that justify the plaintiff's complaint of age discrimination, whistle blowing, retaliation, civil rights and constitutional rights

abuse by said Defendants." *Id*. Plaintiff requested "a hearing on said motion to dismiss." *Id*. Defendants filed their *Reply* on June 14, 2023. (ECF No. 13). Accordingly, this matter is now ripe.

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id*. Thus, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id*. This plausibility standard requires a plaintiff to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Pursuant to this standard, the three lone statements set forth in Plaintiff's *Complaint* are patently insufficient, as they (1) lack sufficient factual allegations concerning each Defendant's specific misconduct, and (2) nor describes how such conduct is alleged to meet the legal elements of each claim such that it gives rise to a legal claim for relief. *See id*. Thus, the undersigned **FINDS** that Plaintiff's *Complaint*, as presently pled, fails to state a claim upon which relief can be granted, and is ripe for dismissal.

Nor do the documents attached to Plaintiff's filings save the inadequate pleading. Generally, when deciding a Rule 12(b)(6) motion, the district court is limited to those

allegations which are set forth within the "four corners" of the complaint itself. *See Kennedy v. Chase Manhattan Bank*, 369 F.3d 833, 839 (5th Cir. 2004); *cf. Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984). In reviewing the sufficiency of a complaint, a court may consider a document attached to or referred to in the complaint only if there is no dispute about its authenticity, and the document is integral to the complaint. *Goines v. Valley Cmty. Servs. Bd*., 822 F.3d 159, 166 (4th Cir. 2016); see also *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Anderson v. Henderson*, No. CV ELH-20-480, 2021 WL 2155002, at *4 (D. Md. May 27, 2021). However, to be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point*, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Because the exhibits submitted by Plaintiff indicate that the EEOC and the WVHRC both dismissed his claims, it is clear that the exhibits themselves do not give rise to the legal rights asserted by Plaintiff in this case and thus are not integral.

Moreover, even if the documents contained in Plaintiff's exhibits were integral, it is well-established that the Court has "no obligation to act as counsel or paralegal to pro se litigants," meaning that the Court and the opposing parties need not comb through them searching for facts to support Plaintiff's threadbare allegations in his complaint. *See Pliler v. Ford*, 542 U.S. 225 (2004). *See also Walker v. Prince George's Cty., Md*., 575 F.3d 426, 429 (4th Cir. 2009) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")); *Robinson v. Unknown*, No. 7:13-cv-00414, 2013 WL 5591936, at *1 (W.D. Va. Oct. 10, 2013)

(Disregarding 400 pages of exhibits, including prison grievances and administrative records, in considering the sufficiency of a complaint and finding that "[i]t is Plaintiff's obligation, not the court's, to construct a legally viable claim in accordance with Rules 8 and 10" of the Federal Rules of Civil Procedure). Pursuant to this standard, Plaintiff was obligated to set forth in his *Complaint* whatever assertions of fact he wished to incorporate from the exhibits.

Subsequently on October 25, 2023, however, Plaintiff submitted correspondence to the Court. (ECF No. 14-1.) Therein, Plaintiff set forth additional allegations separately from the *Complaint*, and once again improperly attached approximately twenty-five additional pages of documents, all related to the same WVHRC and EEOC proceedings. (ECF No. 14-1.) When the Plaintiff is proceeding without counsel, "[a] document filed pro se is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). According to this liberal standard, the undersigned will construe Plaintiff's October 25 filing as a motion to amend the *Complaint*, as it appears he intended to incorporate additional information into his *Complaint*.

Despite the shortcomings in the original *Complaint*, the deference afforded to pro se parties generally means that a federal district court should grant leave to amend, granting Plaintiff a "reasonable opportunity" to develop his *Complaint* with particularized facts setting forth plausible claims for relief. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow pro se plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a *pro se* plaintiff should be given an opportunity to particularize potentially viable claims). Accordingly, the undersigned **FINDS** that under the circumstances, the interests of justice require that Plaintiff be

afforded an opportunity to amend his *Complaint* to assert plausible claims for relief, together in one *Amended Complaint*.

Accordingly, it is hereby **ORDERED** as follows:

    (1)    Defendants' *Motion to Dismiss* (ECF No. 8) is **DENIED** without prejudice;

    (2)    Plaintiff's construed motion for leave to file an Amended Complaint (ECF No. 14) is hereby **GRANTED**; and

    (3)    Plaintiff shall file his Amended Complaint by **February 19, 2024**.

Additionally, Plaintiff is hereby **NOTIFIED** that his Amended Complaint must state what constitutional, statutory, or common law rights each Defendant allegedly violated, and support each claim with specific factual allegations about each Defendant's actions or omissions, with some degree of particularity as to when and how each named Defendant was allegedly involved.

Plaintiff is further **NOTIFIED** that it will be insufficient for him to simply refer to his prior *Complaint*, his exhibits, or other additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original *Complaint*, and there must be one integrated document that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is further **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, his Amended Complaint should include a caption of the case with the names of all of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each type of claim, should be set out in a separate count, to promote clarity. Fed. R. Civ. P. 10.

**Finally, Plaintiff is NOTIFIED that the failure to comply with any part of this Order will result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Likewise, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information. L.R. Civ. P. 83.5. Plaintiff's failure to do so will also result in the undersigned's recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      January 30, 2024

Dwane L. Tinsley
United States Magistrate Judge

7