# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**PATRICK GREGORY SPAINHOUR,**

    **Plaintiff,**

v.                                                                                                 **Civil Action No. 2:23-cv-338**

**JEFFERSON VOLUNTEER FIRE DEPARTMENT, and**

**ROBBIE NUTTER,**

and

**JONATHAN VANDERGRIFF,**

    **Defendants.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Patrick Spainhour, by counsel, Christopher T. Pritt of Pritt & Pritt, PLLC, and for his complaint the Plaintiff states the following:

## PARTIES

1. The Plaintiff, Patrick Spainhour, is a resident and citizen of Kanawha County, West Virginia.

2. The Defendants, Jefferson Volunteer Fire Department (hereinafter "JVFD"), Robbie Nutter (hereinafter "Nutter"), and Jonathan Vandergriff (hereinafter Vandergriff) are residents and citizens of Kanawha County, West Virginia.

## JURISDICTION AND VENUE

3. The acts complained of occurred in Kanawha County, West Virginia.

4. This Court has personal jurisdiction, subject matter jurisdiction, and venue here is proper.

5. This Court has jurisdiction inasmuch as some of the claims arise pursuant to the federal laws of the United States of America.

## STATEMENT OF FACTS

6. On or about April 12, 2021, the Plaintiff joined the Jefferson Volunteer Fire Department as a volunteer firefighter.

7. Per physician's order, the Plaintiff was required to wear an N-95 face covering while present at the station, due to risk of infection from the COVID pandemic, and such documentation was presented to the Defendant JVFD.

8. The Plaintiff received various comments from employees or volunteers from the JVFD.

9. The Plaintiff was harassed on the basis of his age from his supervisor and co-workers.

10. Defendant Nutter referred to Plaintiff as "PawPaw," was stated to be "accident prone," and would describe to him tasks as "fairly complicated." This was despite the fact that the Plaintiff has over 45 years of experience as a firefighter.

11. The Plaintiff experienced disparate treatment when the JVFD and its agents failed to train him or allow him to operate certain apparatuses that were pertinent to his job as a firefighter, despite his many years of experience.

12. The Plaintiff and a female firefighter were often assigned menial tasks and what could be described as "grunt work."

13. The Plaintiff contacted the fire chief, JVFD board members, and representatives of the state Fire Marshall to inform them of the inconsistent and inappropriate actions taken against him by the JVFD and its agents, employees, and volunteers.

14. The Plaintiff was subjected to adverse action when he was terminated on or about August 16, 2021.

15. The stated reason for his termination by the JVFD was that the Plaintiff disobeyed by contacting outside entities, such as the Fire Marshall.

## COUNT ONE –VIOLATION OF WEST VIRGINIA WHISTLEBLOWER STATUTE

16. Pursuant to W.Va. Code §6C-1-3(a):

No employer may discharge, threaten, or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location, or privileges of employment because the employee, acting on his or her own volition, or a person acting on behalf of or under the direction of the employee, makes a good faith report, or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste.

17. The JVFD is an employer within the meaning of the West Virginia whistleblower law, which is W.Va. Code §6C-1-1 et seq.

18. The Plaintiff is an employee within the meaning of the West Virginia whistleblower law, which is W.Va. Code §6C-1-1 et seq.

19. Pursuant to W.Va. Code §6C-1-3(b):

No employer may discharge, threaten, or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location, or privileges of employment because the employee is requested or subpoenaed by an appropriate authority to participate in an

investigation, hearing, or inquiry held by an appropriate authority or in a court action.

20. The Plaintiff JVFD and its employees and agents, Nutter and Vandergriff, violated the rights of the Plaintiff pursuant to W.Va. Code §6C-1-1 et seq. when they discharged the Plaintiff.

21. A basis for the Plaintiff being discharged was his reporting wrongful conduct on the part of Defendants.

22. The Plaintiff contacted the Fire Marshall's office because of the Defendants' conduct.

23. The Plaintiff had requested an emergency vehicle permit from fire chief Jonathan Vandergriff.

24. An emergency vehicle permit must be approved by the Fire Marshall.

25. An emergency vehicle permit was submitted to the Fire Marshall.

26. The Fire Marshall office received the permit, processed the permit, and mailed the permit back to the JVFD.

27. The both JVFD agents Robbie Nutter and Jonathan Vandergriff reported to the Plaintiff that the permit was not received from the Fire Marshall.

28. Subsequently Nutter admitted the emergency vehicle permit was received.

29. Despite having received the permit, the JVFD and its agents refused to provide this permit to the Plaintiff.

30. The Plaintiff contacted the Fire Marshall office about the JVFD's failure to provide him the permit.

31. The JVFD by and through Fire Chief Jonathan Vandergriff and Assistant Fire Chief Robbie Nutter terminated the Plaintiff's employment.

32. As a result of the Defendants' conduct, the statutory rights of the Plaintiff pursuant to the West Virginia Whistleblower law were violated, and the Plaintiff is entitled to damages as a result of the Defendants' wrongful conduct.

## COUNT TWO –VIOLATION OF DUE PROCESS

33. The Plaintiff incorporates by reference as if fully set forth herein the previous paragraphs.

34. Pursuant to both the United States and West Virginia Constitutions, when a state actor or entity takes some adverse action against a person it must comply with due process.

35. "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syllabus Point 2, Simpson v. Stanton, 119 W.Va. 235, 193 S.E. 64 (1937)." In re Charleston Gazette FOIA Request, 222 W.Va. 771, 773, 671 S.E.2d 776, 778 (2008). State ex rel. R.W. v. Cohee, 23-213 (W. Va. Nov 17, 2023).

36. The Defendants terminated Plaintiff's employment and did not comply with the requirements of due process.

37. The JVFD and its agents violated the due process rights of the Plaintiff when they terminated his employment without first providing him notice and the right to be heard.

38. As a result of the Defendants' conduct, the due process rights of the Plaintiff were violated, and the Plaintiff is entitled to damages as a result of the Defendants' wrongful conduct.

## COUNT THREE –AGE DISCRIMINATION

39. The Plaintiff incorporates by reference as if fully set forth herein the previous paragraphs.

40. According to the federal Age Discrimination in Employment Act of 1967:

> It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter.

41. This complaint incorporates by reference as if fully set forth herein the entirety of the federal Age Discrimination and Employment Act of 1967.

42. The above-referenced language as stated in paragraph 10 demonstrated animus towards the Plaintiff on the basis of his age.

43. The Defendants JVFD, Nutter, and Vandergriff violated the Age Discrimination in Employment Act of 1967 when they fired Plaintiff on the basis of his age.

44. As a result of the Defendants' conduct, the Plaintiff is entitled to damages as a result of the Defendants' wrongful conduct.

45. The Plaintiff was terminated as retaliation for reporting the wrongful conduct of the Defendants and on the basis of his age.

WHEREFORE, the Plaintiff demands judgment against the Defendants on all counts of this complaint in an amount sufficient to compensate his for the harm he has suffered and will suffer in the future.  Damages include but are not limited to actual damages, compensatory damages, consequential damages, punitive damages, emotional harm, economic loss, all other damages recognized in the law, pre-judgment interest,

post-judgment interest, attorney fees and costs, and all other relief this Court or a jury deems just and proper.

    THE PLAINTIFF DEMANDS A TRIAL BY JURY.

**Patrick Spainhour,**
By Counsel

/s/ Christopher T. Pritt
Christopher T. Pritt (WVSB # 10342)
Pritt & Pritt, PLLC
700 Washington St., E., Ste 204
Charleston, West Virginia 25301
(304) 720-4412

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**PATRICK GREGORY SPAINHOUR,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 2:23-cv-338**

**JEFFERSON VOLUNTEER FIRE DEPARTMENT, et al.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I, Christopher T. Pritt, counsel for the Plaintiff, Patrick Spainhour, hereby certify that a true and exact copy of the foregoing "Amended Complaint" has been sent via electronic filing to the following:

Tim J. Yianne, Esq.<br>
Lewis Brisbois Bisgaard & Smith LLP<br>
707 Virginia Street E., Suite 1400<br>
Charleston, WV 25301

Sent this the 1st day of August, 2024.

                                /s/ Christopher T, Pritt_____
                                Christopher T. Pritt (WVSBN: 10342)
                                Pritt & Pritt, PLLC
                                700 Washington Street, East, Suite 204
                                Charleston, West Virginia 25301
                                Phone: 304-720-4412

Case 2:23-cv-00338    Document 35    Filed 08/01/24    Page 9 of 9 PageID #: 293