UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PATRICK GREGORY SPAINHOUR,

    Plaintiff,

v.

JEFFERSON VOLUNTEER FIRE DEPT.,
ROBBIE NUTTER, and
JONATHAN VANDERGRIFF,

    Defendants.

Case No.: 2:23-cv-00338
The Hon. Thomas E. Johnston

**DEFENDANTS JEFFERSON VOLUNTEER FIRE DEPARTMENT, AND
ROBBIE NUTTER'S  MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND[1] AMENDED COMPLAINT**

COME NOW, Defendants Jefferson Volunteer Fire Department, and Robbie Nutter, (collectively "Defendants"), by and through their counsel, Tim J. Yianne, Todd R. Meadows, and the law firm of Lewis Brisbois Bisgaard & Smith, LLP, and hereby file this *Motion to Dismiss* and *Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint* [ECF No.35]:

**FIRST DEFENSE**

Plaintiff's Second Amended Complaint [ECF No.35] fails to state a cause of action under Count Two upon which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's claim under the West Virginia Whistle-Blower Law, W. Va. Code § 6C-1-1, *et seq,* fails as a matter of law because he was a volunteer worker and was not paid for his services. The Whistle-Blower statute limits; "(b) "Employee" to mean "a person who performs a full or part-time service for wages, salary, or other remuneration under a contract

---

[1] Plaintiff filed his original *pro se* Amended Complaint [ECF No.17] on February 21, 2024; [ECF No. 35] is Plaintiff's Second Amended Complaint.

of hire, written or oral, express or implied, for a public body." W. Va. Code § 6C-1-2. *Mullins v. Johnson*, 2024 U.S. Dist. LEXIS 87062, *8-9 (N.D. W.Va. 2024). Since Plaintiff was a voluntary fire-fighter for these Defendants and never received wages for his services, this case should be dismissed under Rule 12(b)6 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Second Amended Complaint for violation of the West Virginia Whistleblower Act should be dismissed, with prejudice.

## SECOND DEFENSE

Defendants Jefferson Volunteer Fire Dept (JVFD) and Robbie Nutter ("these Defendants") respond to each of the Plaintiff's allegations in the Second Amended Complaint [ECF No. 35] as follows:

1. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

2. These Defendants admit the allegations in Paragraph 2 of the Plaintiff's Second Amended Complaint.

3. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

4. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

5. These Defendants admit the allegations contained in Paragraph 5 of the Plaintiff's Second Amended Complaint.

6. These Defendants admit the allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint.

7. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

8. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

9. These Defendants deny the allegations contained in Paragraph 9 of the Plaintiff's Amended Second Complaint and demand strict proof thereof.

10. These Defendants deny the allegations contained in Paragraph 10 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

11. These Defendants deny the allegations contained in Paragraph 11 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

12. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

13. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

14. These Defendants state that the allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 14, these Defendants

deny the allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

COUNT ONE-VIOLATION OF WEST VIRGINIA WHISTLEBLOWER STATUTE

15. These Defendants deny the allegations contained in Paragraph 15 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

16. These Defendants state that the allegations contained in Paragraph 16 of the Plaintiff's Second Amended Complaint call for a legal conclusions for which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 16, these Defendants deny the allegations contained in Paragraph 16 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

17. These Defendants state that the allegations contained in Paragraph 17 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 17, these Defendants deny the allegations contained in Paragraph 17 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

18. These Defendants state that the allegations contained in Paragraph 18 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 18, these Defendants deny the allegations contained in Paragraph 18 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

19. These Defendants state that the allegations contained in Paragraph 19 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 19, these Defendants

deny the allegations contained in Paragraph 19 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

20. These Defendants deny the allegations contained in Paragraph 20 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

21. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

22. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

23. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

24. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

25. These Defendants admit the allegations contained in Paragraph 25 of the Plaintiff's Second Amended Complaint.

26. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

27. These Defendants deny the allegations contained in Paragraph 27 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

28. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

29. These Defendants admit the allegations contained in Paragraph 29 of the Plaintiff's Second Amended Complaint.

30. These Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint and, therefore, deny the same and demand strict proof thereof.

31. These Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

32. These Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

## COUNT TWO-VIOLATION OF DUE PROCESS

33. These Defendants reallege and reaffirm Paragraphs 1 through 32 as if fully contained herein.

34. These Defendants state that the allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 34, these Defendants deny the allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

35. These Defendants state that the allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 35, these Defendants

deny the allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

36. These Defendants deny the allegations contained in Paragraph 36 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

37. These Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

38. These Defendants deny the allegations contained in Paragraph 38 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

## COUNT THREE – AGE DISCRIMINATION

39. These Defendants reallege and reaffirm Paragraphs 1 through 38 as if fully contained herein.

40. These Defendants state that the allegations contained in Paragraph 40 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 40, these Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

41. These Defendants state that the allegations contained in Paragraph 41 of the Plaintiff's Second Amended Complaint call for a legal conclusions to which they can neither admit nor deny. To the extent an Answer is deemed necessary to Paragraph 41, these Defendants deny the allegations contained in Paragraph 41 of the Plaintiff's Second Amended Complaint and demand strict proof thereof.

42. These Defendants deny the allegations contained in Paragraph 42 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

43. These Defendants deny the allegations contained in Paragraph 43 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

44. These Defendants deny the allegations contained in Paragraph 44 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

45. These Defendants deny the allegations contained in Paragraph 45 of the Plaintiff's Second Amended Complaint and demand strict proof thereof

46. With respect to Plaintiffs' "WHEREFORE" paragraph, these Defendants state that Plaintiff is not entitled to any relief whatsoever including monetary damages, consequential damages, punitive damages, attorneys' fees costs and expenses, or any other form of damages.

**THIRD DEFENSE**

These Defendants deny each and every allegation contained in Plaintiff's Second Amended Complaint not specifically admitted herein and demands strict proof thereof.

**FOURTH DEFENSE**

These Defendants asserts as an affirmative defense the fact that the plaintiff was an at-will member with defendant Jefferson Volunteer Fire Department and was not in a contractual or quasi-contractual relationship with the defendant JVFD and therefore, the Second Amended Complaint should be dismissed.

**FIFTH DEFENSE**

These Defendants deny any and all allegations contained in the paragraphs and counts of the Second Amended Complaint that allege or imply any negligence, intentional tort, breach of contract, unlawful act, discrimination, violation of public policy or other fault on the part of this defendant; that allege or imply any responsibility, failure to meet a responsibility, or violation of duty with respect to these defendants; or that allege or imply that these defendants violated any

applicable common law, public policy, statutes, rules, regulations or standards whatsoever, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### SIXTH DEFENSE

Plaintiff's termination from his membership with defendant JVFD was motivated by a legitimate, non-discriminatory reason, and not as a result of any discriminatory or retaliatory animus toward the Plaintiff.

### SEVENTH DEFENSE

These Defendants assert and rely upon all applicable defenses that arise under or may be asserted pursuant to the West Virginia Human Rights Act ("WVHRA"), W. Va. Code §5-11-1, *et seq*.

### EIGHTH DEFENSE

These Defendants reserves unto themselves the right to assert the lack of applicability of all statutes and regulations cited by and relied upon by the plaintiff and therefore, the plaintiff's Second Amended Complaint should be dismissed.

### NINTH DEFENSE

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto himself the following affirmative defenses, as the same may prove applicable as discovery proceeds and the evidence is developed in this case: release, accord and satisfaction, *estoppel*, assumption of the risk, comparative fault, contributory negligence, waiver, *laches*, statute of limitations, all affirmative defenses expressly set forth in Rule 8 of the Federal Rules of Civil Procedure, and failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## TENTH DEFENSE

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the affirmative defense that these defendants are or may be entitled to a monetary offset and the Plaintiff's claims presented in the Second Amended Complaint are or may be barred by the Plaintiff's failure to mitigate damages, if any, in the manner and to the extent required by applicable law, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## ELEVENTH DEFENSE

These Defendants invoke the affirmative defenses of comparative/contributory negligence, assumption of the risk, payment, waiver, estoppel, lack of personal jurisdiction, insufficient process, insufficient service of process, improper venue, and any other matter constituting an avoidance or affirmative defense under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure which prove applicable.

## TWELFTH DEFENSE

These Defendants asserts as an affirmative defense that their actions, as alleged, do not contravene any substantial public policy, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## THIRTEENTH DEFENSE

These Defendants were not aware of Plaintiff's disability, if any, at the time any decisions were made with respect to the Plaintiff's membership as a volunteer firefighter with defendant JVFD, as the Plaintiff did not require or request an accommodation to perform the essential functions of his job.

## FOURTEENTH DEFENSE

These Defendants reserve the right to file such cross-claims, counterclaims, third-party complaints, and other pleadings as may be revealed to be appropriate through discovery.

## FIFTEENTH DEFENSE

These Defendants asserts as an affirmative defense that there is no evidence upon which to infer that any employment and/or membership decision made by these defendants was based in whole or in part on any illegal discriminatory criterion and therefore, the Second Amended Complaint should be dismissed. Additionally, these defendants asserts that all employment and/or membership decisions regarding the plaintiff were made for legitimate non-discriminatory reasons.

## SIXTEENTH DEFENSE

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the defense that plaintiff's claims are barred by the doctrine of unclean hands and other equitable prohibitions, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## SEVENTEENTH DEFENSE

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the affirmative defense that plaintiff's request for punitive damages cannot be sustained because an award of punitive damages under federal law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly

144295669.1

11

prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part on the basis of discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding the plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, violates defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia, and would be improper under the common law, and public policies of the states. Completely absent from the Second Amended Complaint is the correct standard (guideposts) for judging the constitutionality of any punitive damage award. *See BMW of North America, Inc. v Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996); *Cooper Industries, Inc. v Leatherman Tool Group, Inc*., 532 U.S. 424, 121 S.Ct. 1678 (2001).

## EIGHTEENTH DEFENSE

1. The Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including, but not limited to, the following:

   a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which judgments infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award which, thereby, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages which, thereby, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct, which, thereby, infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g) the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h) the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

2. The Plaintiff's claim for punitive damages violates and is, therefore, barred by the provisions of the Constitution of the State of West Virginia, including but not limited to, Article 3, Sections 4, 5, 6 and 10, on grounds including the following:

(a) it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award against the defendant;

(d) the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages;

(e) the procedures pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

(f) the procedures pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g) the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines;

(h) the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

3. Defendants did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious conduct; consequently, a sufficient factual basis does not exist to support a claim for punitive damages against this Defendant.

4. No provision of West Virginia law provides adequate procedural safeguards consistent with the criteria of *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 113 S. Ct. 2711, 125 L. Ed. 2d 366 (1993), *Pacific Mutual Life Ins. Co. v. Haslip,* 499 U.S. 1, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991), and *Garnes v. Fleming Landfill, Inc.,* 186 W. Va. 656, 413 S.E.2d 897 (1991), for the imposition of a punitive damage award.

**NINETEENTH DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that the Plaintiff's claims presented in the Second Amended Complaint are or may be barred by the fact that the decision maker was unaware of the fact that plaintiff made any complaint about any conduct, behavior or decisions made by these defendants.

**TWENTIETH DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the defense that plaintiff failed to avail himself of available grievance, reporting and complaint procedures.

**TWENTY-FIRST DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the defenses that any and all remarks cited to by plaintiff in support of his allegations were stray remarks and therefore, do not sustain a cause of action against these defendants.

**TWENTY-SECOND DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Second Amended Complaint, reserves unto themselves the defense that the allegations involve the same actor in the hiring, retention, and termination and therefore, no bad motive can be ascribed or presumed and thus, do not sustain a cause of action against these defendants.

**TWENTY-THIRD DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the

allegations set forth in the Second Amended Complaint, reserves unto themselves all policies, procedures and guidelines set forth in its by-laws, policies and procedures and/or handbooks.

**JURY DEMAND**

Jefferson Volunteer Fire Department and Robbie Nutter respectfully request a trial by jury on all issues so triable.

WHEREFORE, these Defendants demand that the Second Amended Complaint against them be dismissed with prejudice; that the Plaintiff have and recover nothing against these Defendants; that they be awarded their costs herein expended, including attorney fees and interest; and that they be awarded such other further and general relief as the Court may deem proper.

        **JEFFERSON VOLUNTEER FIRE DEPARTMENT, and ROBBIE NUTTER,**

        *By Counsel,*

        */s/ Todd R. Meadows*
        Tim J. Yianne, Esq. (W.Va. Bar No. 8623)
        Todd R. Meadows, Esq. (W.Va. Bar No. 9770)
        Lewis Brisbois Bisgaard & Smith LLP
        707 Virginia Street E., Suite 1400
        Charleston, WV  25301
        PH: 304.553.0161 | FX: 304.932.0265
        Tim.Yianne@lewisbrisbois.com
        Todd.Meadows@lewisbrisbois.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PATRICK GREGORY SPAINHOUR,

    Plaintiff,

v.

Case No.: 2:23-cv-00338
The Hon. Thomas E. Johnston

JEFFERSON VOLUNTEER FIRE DEPT.,
ROBBIE NUTTER, and
JONATHAN VANDERGRIFF,

    Defendants.

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendants Jefferson Volunteer Fire Department and Robbie Nutter, does hereby certify that on this 16th day of August 2024, a true copy of the foregoing ***DEFENDANTS JEFFERSON VOLUNTEER FIRE DEPARTMENT, AND ROBBIE NUTTER'S MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT*** has been electronically filed using the Court's CM/ECF System, which will send a Notice of Electronic Filing to, and constitutes service on, counsel of record and has been served on counsel of record electronically, as follows:

Christopher T. Pritt
Pritt & Pritt, PLLC
700 Washington Street, E, Suite 204
Charleston, West Virginia 25301
*Counsel for Plaintiff*

    */s/ Todd R. Meadows*
    Tim J. Yianne, Esq. (W.Va. Bar No. 8623)
    Todd R. Meadows, Esq. (W.Va. Bar No. 9770)
    Lewis Brisbois Bisgaard & Smith LLP
    *Counsel for Defendants Jefferson Volunteer Fire*
    *Department and Robbie Nutter*