IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICK GREGORY SPAINHOUR,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:23-cv-00338

JEFFERSON VOLUNTEER FIRE DEPT., et al.,

    Defendants.

## AMENDED SCHEDULING ORDER

The Court has reviewed the Parties' respective Status Reports [ECF Nos. 74, 76], setting forth proposed amended case schedules.

Accordingly, it is **ORDERED** that this civil action shall proceed according to the following amended schedule:

**1.**     **Discovery:** The parties shall serve all discovery requests by **August 15, 2025**, and all discovery, including depositions, shall be completed by **September 30, 2025**. Discovery shall be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure.

<u>The Plaintiff is hereby **NOTIFIED** that discovery requests and responses are to be served directly on the opposing parties' counsel and are not to be filed with this Court. Rather, in accordance with Rule 5(d) of the Federal Rules of Civil Procedure, and Local Rule 26.3(a) of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, the parties shall file only a Certificate of Service</u>

<u>detailing the requests or responses that were served and the date and manner of service. If there is a discovery dispute, the parties may be directed by this Court to attach the subject discovery requests to their motion for this Court's review.</u>

<u>The parties are **NOTIFIED** that failure to fully comply with Rule 37.1(a) or (b) of the Court's Local Rules *prior to* filing any discovery motion **WILL** result in an order **STRIKING** the filing and/or imposing appropriate sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.</u>

2. **Expert Witnesses:** The party bearing the burden of proof on an issue shall make the disclosures of information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **August 7, 2025**. The party not bearing the burden of proof on an issue shall make the disclosures required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **September 6, 2025**. All parties shall provide the disclosures required by Rule 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Rule 26(a)(2)(B) no later than **September 20, 2025**.

3. **Dispositive Motions:** Motions for Summary Judgment (under Rule 56 of the Federal Rules of Civil Procedure) shall be filed by **October 30, 2025**. Responses to dispositive motions shall be filed by **November 15, 2025**. Replies to dispositive motions shall be filed by **November 22, 2025**.

Pursuant to the holding of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff is hereby **NOTIFIED** that she has the right and an obligation to file a response

to any motion for summary judgment filed by the Defendants, submitting affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case.

The Plaintiff is advised that factual statements in affidavits submitted by the Defendants will be accepted as true unless the Plaintiff sets forth facts in his response indicating the existence of a genuine or actual dispute of material fact for trial. In the response, the Plaintiff must set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that show that the Plaintiff and the Defendants actually disagree about one or more important facts present in this case. In the affidavits and exhibits, the Plaintiff should address, as clearly as possible, the issues and facts stated in the Complaint and in the affidavits or other evidence submitted by the Defendants.

The Plaintiff is also advised that a failure to respond to the motion may result in entry of summary judgment denying the relief sought in the Complaint and dismissing the suit. In preparing a response, the Plaintiff should be aware that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law.

The Plaintiff is hereby **NOTIFIED** of his obligation to promptly inform this Court of any changes in his contact information pursuant to Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia. A failure to do so could potentially result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

The deadlines listed above are summarized in the following table:

| Deadline | Date |
| --- | --- |
| Serving discovery requests | 08/15/2025 |
| Close of discovery | 09/30/2025 |
| Opening Rule 26 expert disclosures | 08/07/2025 |
| Responsive Rule 26 expert disclosures | 09/06/2025 |
| Rebuttal Rule 26 expert disclosures | 09/20/2025 |
| Motions for summary judgment | 10/30/2025 |
| Responses to motions for summary judgment | 11/15/2025 |
| Replies to motions for summary judgment | 11/22/2025 |

Unless otherwise specified by a further Court Order, upon the undersigned's submission of a Proposed Findings and Recommendation on any dispositive motions for consideration by the presiding District Judge, this matter will be submitted to the District Judge for all further proceedings, including scheduling of trial, if applicable.

**IT IS SO ORDERED.**

The Clerk is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 31, 2025

Dwane L. Tinsley
United States Magistrate Judge