**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

PATRICK GREGORY SPAINHOUR,

Plaintiff,

v. CIVIL ACTION NO. 2:23-cv-00338

JEFFERSON VOLUNTEER FIRE DEPT., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment filed by Defendants Jefferson Volunteer Fire Department, Robbie Nutter, and Jonathan Vandergriff (collectively, "Defendants"). (ECF No. 112.) By standing order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). (ECF No. 70.) Magistrate Judge Tinsley entered the PF&R on February 13, 2026. (ECF No. 122.) Plaintiff filed four objections to the PF&R on February 19, 2026. (ECF No. 123.)

For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections, (ECF No. 123), **ADOPTS** the **PF&R**, (ECF No. 122), **GRANTS** Defendants' Motion for Summary Judgment, (ECF No. 112), and **DISMISSES WITH PREJUDICE** this civil action.

## ***I. BACKGROUND***

A detailed recitation of the facts in this case can be found in Magistrate Judge previous PF&R, (ECF No. 122 at 2–5), and therefore need not be repeated here. The Court will provide a

discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## *II. LEGAL STANDARD*

### *A. Review of Magistrate Judge's Findings and Recommendations*

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### *B. Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. In pertinent part, this rule states that a court should grant summary judgment if "there is no genuine issue as to any material fact." Summary judgment should not be granted, however, if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth*., 597 F.3d 570, 576 (4th Cir. 2010).

When evaluating these factual issues, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co*., 398 U.S. 144, 157 (1970). "The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). "This burden may be met by use of the depositions and other discovery materials." *Barwick v. Celotex Corp*., 736 F.2d 946, 958 (4th Cir. 1984).

Once the moving party meets its burden, the burden shifts to the non-moving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Should a party fail to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id*. at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id*. at 252.

## ***III. DISCUSSION***

Plaintiff lodges four objections to the PF&R.[1] After reviewing de novo the portion of the Magistrate Judge's PF&R to which Plaintiff properly objected, the Court finds that his objections lack merit.

---

[1] In addition to these objections, Plaintiff also requests that the Court consider exercising its "inherent authority" to refer this case to state or federal criminal authorities. (ECF No. 123 at 5.) This request is completely unrelated to

***A. Employee Status Under the West Virginia Whistleblower Act***

In Plaintiff's first objection, he asks the Court to find that the Magistrate Judge erred in concluding that Plaintiff does not qualify as an "employee" under W. Va. Code § 6C-1-2(b). (ECF No. 123 at 2.)

West Virginia has a whistleblower statute for public employees, West Virginia Code § 6C-1-3(a), which provides that "[n]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report . . . verbally or in writing ... to the employer or appropriate authority, [of] an instance of wrongdoing or waste." An individual qualifies as an "employee" under the act when he "performs a full or part-time service for wages, salary, or other *remuneration* under a contract of hire, written or oral, express or implied, for a public body." W. Va. Code § 6C-1-3(b) (emphasis added). The Magistrate Judge found that Plaintiff's position as an unpaid volunteer firefighter fell outside the scope of this statutory definition. The Court agrees.

Plaintiff argues that in determining an individual's employee status under the Whistleblower Act, the Court should apply a fact-intensive inquiry that cannot be resolved at the summary judgment stage. (ECF No. 123 at 2–3.) Specifically, Plaintiff contends that a genuine dispute of material fact exists regarding whether he received "remuneration" as required by statute. (*Id.*) Plaintiff maintains that the following non-monetary benefits, duties, and disciplinary rules could be construed as remuneration: (1) receipt of workers compensation coverage, (2) the performance of operational emergency calls, (3) integration into the command structure, and (4)

---

the PF&R, it is not characterized as an objection, and the Court thus need not address it.

being subject to discipline and termination authority identical to paid members. (ECF No. 123 at 2.)

The Court declines to expand the scope of the statute as Plaintiff suggests. The Whistleblower Act explicitly lists the receipt of financial benefits as the criteria necessary to be categorized as an "employee." *See* W. Va. Code § 6C-1-3(b) ("wages, salary, or other remuneration"). Indeed, the term "remuneration" is ordinarily understood as "[p]ayment; compensation, esp. for a service that someone has performed," or "[t]he act of paying or compensating." *Renumeration*, Black's Law Dictionary (12th ed. 2024). Here, it is undisputed that Plaintiff worked in an unpaid volunteer capacity and did not receive any payment. (*See* ECF Nos. 112-1 at 252:13-21, 120 at 8.) Plaintiff does not offer authority to support his position that remuneration can encompass non-monetary benefits, duties, or disciplinary guidelines.[2] In fact, courts in West Virginia have taken conservative approaches when analyzing the scope of the Whistleblower Act. *See Mullins v. Johnson*, 1:22-cv-98, 2024 WL 2221515, at *6 (N.D. W. Va. May 14, 2024) ("declin[ing] to broaden the definition of employee" because if the legislature intended to broaden whistleblower protection, "it could have done so."); *see also Blanda v. Martin & Seibert, L.C.*, 836 S.E.2d 519, 529 (W. Va. 2019) ("If whistleblower protections are to be extended outside the contexts outlined above, that expression of public policy should be made by the legislature—not the Court.")

---

[2] The case cited by Plaintiff to support his argument that non-monetary benefits may qualify as remuneration concerned whether an individual who received coverage under the Maryland's Workers Compensation Act constituted an "employee" for purposes of a Title VII claim. *See Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211 (4th Cir. 1993). Here, Plaintiff is bringing a claim pursuant to a state statute that imposes its own definition of "employee," which is distinct from the definition under Title VII. *See* 42 U. S. C. § 2000e-1 ("The term 'employee' means an individual employed by an employer[.]")

Accordingly, the Magistrate Judge did not err in concluding that there is no genuine dispute of material fact that Plaintiff does not qualify as an employee under the Whistleblower Act. Plaintiff's first objection is thus **OVERRULED**.

***B. Due Process***

Within Plaintiff's second objection, he argues the Magistrate Judge erroneously concluded that he was an at-will employee with no property interest in continued employment and thus was not entitled to due process protections. (ECF No. 123 at 3.)

An individual challenging his employment termination on due process grounds must show a "legitimate claim of entitlement" to a property interest in continued employment. *See The Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972). A property interest can be created by statute, ordinance, or contract, either express or implied. *Austin v. Preston Cty. Comm'n*, 1:13-cv-135, 2014 WL 5148581, at *20 (N.D. W. Va. Oct. 14, 2014). However, "[t]he sufficiency of the claim of entitlement must be decided by reference to state law." *Pittman v. Wilson County,* 839 F.2d 225, 227 (4th Cir.1988).

In West Virginia, "in the absence of express contractual agreements to the contrary, employers and employees … are governed by the at will employment doctrine." *Newton v. Morgantown Mach. & Hydraulics of W. Virginia, Inc*., 838 S.E.2d 734, 737–38 (W. Va. 2019). Under this doctrine, "[w]hen a contract of employment is of indefinite duration it may be terminated at any time by either party to the contract." Syl. pt. 2, *Wright v. Standard Ultramarine & Color Co.,* 141 W. Va. 368, 90 S.E.2d 459 (1955). An exception to the default at-will status exists if the public employee is classified as a "permanent civil service [employee.]" *See Swiger v. Civ. Serv. Comm'r*, 365 S.E.2d 797, 800 (W. Va. 1987) (finding the employees to be entitled to

due process because they held civil service positions in which the term of employment was outlined by state statute).

Here, Plaintiff was an at-will employee that could be subject to termination at any time. It is undisputed that Plaintiff was an unpaid probationary volunteer at the time of his termination. Plaintiff was aware that he was a probationary member, and that full membership with the Jefferson Volunteer Fire Department ("JVFRD") was contingent on the completion of this probationary period. (*See* ECF No. 112-1 at 82:5-7, 83:6-8, 101:10-16, 210:24—211:9, 247:10-16, 252:13-21). As such, absent any contractual agreement or statutory exemption guaranteeing future employment, Plaintiff had no protected "property" interest in his continued employment with JVFD. *See Sciolino v. City of Newport News, Va*., 480 F.3d 642, 646 (4th Cir. 2007) (recognizing that a probationary employee "has no protected 'property' interest in his employment[.]")

The only support Plaintiff provides regarding his supposed property interest is a statement that Defendants maintained formal disciplinary procedures and thus "a legitimate claim of entitlement may arise." (*Id.*) Accordingly, Plaintiff offered no evidence to create a genuine dispute of material fact that he was an at-will probationary employee with no property interest in continued employment.

However, despite Plaintiff's lack of an established property interest in continued employment, "a public employer cannot deprive a probationary employee of his 'freedom to take advantage of other employment opportunities.'" *Sciolino*, 480 F.3d at 645 (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). A Fourteenth Amendment "liberty interest is implicated by public announcement of reasons for an

employee's discharge." *Johnson v. Morris,* 903 F.2d 996, 999 (4th Cir.1990). To establish this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: "(1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino*, 480 F.3d at 645 (citations omitted).

Here, Plaintiff argues that he was "blackballed" from future employment by Defendants. (ECF No. 123 at 3.) Plaintiff contends that the Magistrate Judge improperly dismissed this claim of "blackballing" as too speculative. (*Id.*) Plaintiff states that the record contains evidence that another fire department's chief made a comment about not giving Plaintiff an Emergency Vehicle Permit ("EVP"), when Plaintiff claims he never asked for one. (ECF No. 120 at 18.) As such, Plaintiff maintains this evidence raises a reasonable inference of reputational harm because it suggests knowledge of Plaintiff's EVP dispute with Defendants. (*See* ECF Nos. 120 at 18, 123 at 3.) As the Magistrate Judge correctly noted when addressing this argument, Plaintiff merely describes this alleged evidence without providing an affidavit or any other evidentiary support. (ECF No. 122 at 14.) Regardless, even assuming this conversation did take place, Plaintiff did not provide evidence demonstrating that: (1) Defendants spoke publicly about his particular EVP dispute; (2) that these statements were made in conjunction with his ultimate termination; or (3) that any statement made was in fact false. *See Sciolino*, 480 F.3d at 645 (citations omitted).

Thus, Plaintiff fails to point to evidence creating a genuine dispute of material fact regarding his liberty interest claim of reputational harm under the Due Process Clause.

Accordingly, Plaintiff's second objection is **OVERRULED**.

***C. Age Discrimination***

In Plaintiff's third objection, he argues that the Magistrate Judge erroneously concluded that he failed to establish pretext under the Age Discrimination in Employment Act ("ADEA"). (ECF No. 123 at 4.) In finding a lack of pretextual motive, Plaintiff argues the Magistrate Judge improperly resolved factual disputes and credibility determinations that should be reserved for a jury. (*Id.*)

Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." *See* 29 U.S.C. § 623(a)(1). An employee who alleges a violation of the ADEA "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). Thus, "an employee cannot prevail . . . by showing that age was one of multiple motives for an employer's [adverse employment] decision; the employee must prove that the employer would not have fired [him] in the absence of age discrimination." *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (internal quotation marks omitted).

If a plaintiff seeks to produce circumstantial evidence to establish a violation of the ADEA, three steps must be satisfied:

> (1) the plaintiff must first establish a prima facie case of [age discrimination]; (2) the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory.

*Palmer v. Liberty Univ., Inc.*, 72 F.4th 52, 63 (4th Cir. 2023) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-02, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

Here, even when viewing the evidence in a light most favorable to the Plaintiff, and assuming he could establish a prima facie case of discrimination, the remaining necessary elements are not met. Defendants properly articulated a non-discriminatory reason for Plaintiff's termination. Defendants maintain that Plaintiff's termination was predicated on "his ongoing public feud with the former Chief Vandergriff over the issues of the [emergency vehicle permit] EVP[.]" (ECF No. 113 at 17.)

Defendants provided evidence to support their assertion that Plaintiff's termination was conduct-based and stemmed from his disobedience of orders not to contact outside officials. An affidavit submitted by the President of the JVFD Board of Directors demonstrated that individuals must complete their training and be off their probationary period prior to being eligible to apply for an EVP, and it must be approved by the Chief. (ECF No. 115-1 at ¶ 8). This affidavit further provided that as a probationary volunteer, Plaintiff was not yet eligible to apply for an EVP, and thus "former Chief Vandergriff followed the Policies and Procedures of JVFD when he did not provide [Plaintiff] with an [EVP] during his probationary period." (*Id*. ¶ 9.)

Defendants also submitted a termination letter issued by the then-chief of JVFD which detailed the specific basis for Plaintiff's termination. (ECF No. 115-1 at 14.) The letter stated that Plaintiff was warned prior to his termination that firefighters are prohibited from contacting county and state officials over personal issues and provided instances in which Plaintiff failed to adhere to this rule. (*Id*.) The letter also stated that Plaintiff's behavior was "unacceptable" and as such he was relieved of his duties. (*Id*.)

Plaintiff did not successfully rebut this non-discriminatory explanation of his firing by providing evidence of pretext. Plaintiff again does not point to any relevant authority or evidence

submitted on the record. Instead, Plaintiff argues the following evidence demonstrates pretextual motivations for his firing: (1) supervisory personnel made "[r]epeated age-based remarks ("Paw-Paw," "accident prone," comments about falling from ladders)"; (2) "Plaintiff was told not to wear an air pack despite qualification"; (3) "Plaintiff was denied vehicle privileges despite decades of experience"; (4) "[y]ounger members were treated more favorably"; and (5) "[t]he timing of termination following protected communications raises factual questions about the true motivations." (ECF No. 123 at 4.)

This "evidence" listed by Plaintiff fails to "prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory." *Palmer*, 72 F.4th at 63. First, Plaintiff's discrimination claim is premised on his termination/EVP denial executed solely by the then-chief of JVFD. However, Plaintiff asserts that the age-based remarks were made by other firefighters and a JVFD employee named Chad Smarr, whose position is unclear. (*See* ECF No. 120 at 16.) Plaintiff does not point to evidence that these individuals played any role in his firing or possessed the authority to do so. *See Bandy v. City of Salem, Va.*, 59 F.4th 705, 710 (4th Cir. 2023) ("[E]mployers are responsible only for acts of the actual decisionmaker behind an adverse employment action, meaning the individual who was the one principally responsible for the action.") (citations omitted)).

Second, it is unclear how the remaining statements of "evidence" offered by Plaintiff, including being told not to wear an air pack and being denied vehicle privilege, bear any relation to his age. Plaintiff likewise did not provide evidence demonstrating how younger employees were treated differently. Lastly, it is unclear what "protected communications" Plaintiff is referring to regarding his assertion that the timing of these communications in relation to his firing

demonstrate pretext. As a result, Plaintiff offered no support to undermine Defendants' stated non-discriminatory reason for his termination.

Accordingly, there is no genuine dispute of material fact that Defendants' proffered justification was not pretextual. Plaintiff's third objection is thus **OVERRULED**.

***D. Consideration of Evidence***

Plaintiff's final objection is not, in fact, an individual objection to the PF&R. After a careful review of this portion of Plaintiff's objection, the Court cannot discern any specific alleged error in the Magistrate Judge's proposed findings and recommendations. Plaintiff instead makes general assertions that the Magistrate Judge failed to properly consider evidence, which he claims created a genuine dispute of material facts regarding his qualifications and Defendants stated justification for its actions. (ECF No. 123 at 6.)

The Court has already addressed the evidence considered by the Magistrate Judge within each of Plaintiff's claims. The evidence submitted on the record by each party supported the Magistrate Judge's conclusions.

Plaintiff's fourth objection is thus **OVERRULED**.

## ***IV. CONCLUSION***

The Court **OVERRULES** Plaintiff's objections, (ECF No. 123), **ADOPTS** the **PF&R**, (ECF No. 122), and **GRANTS** Defendants' Motion for Summary Judgment, (ECF No. 112). This civil action is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 9/17/2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE